MIRANDA, DEMANDANTE Y APELADO, *v.* ARROYO, DEMANDADO Y APELANTE.

No. 3189.—*Visto:* Abril 15, 1924. *Resuelto:* Julio 31, 1924.

COMPRAVENTA—CUMPLIMIENTO ESPECÍFICO DE CONTRATO.—La demanda en este caso tenía por objeto obligar al demandado a recibir una escritura de compraventa con indemnización de perjuicios por incumplimiento del contrato según el cual el comprador estaba obligado a pagar el precio al recibir la escritura. Alegaba el demandante que la entrega de la posesión y de la escritura dependían de la previa inscripción de una partición y el demandado que fué convenido para llenar estos requisitos el plazo de un mes. El contrato se celebró cuando la cosecha del café que había en la finca iba a recogerse; la finca además estaba arrendada y el arrendamiento constituía un aliciente para el comprador, quien además intentaba ocupar la casa de la finca con algún terreno que no había sido objeto del arrendamiento para dedicarse al negocio de compraventa de café; el demandante, después de la inscripción de la escritura de partición y antes de requerirse al demandado, en consideración a una prima que le ofreció el arrendatario rescindió el arrendamiento. La partición se inscribió ocho meses después de celebrada la compraventa. *Se resolvió:* que el comprador estuvo justificado al negarse a aceptar la escritura.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar demanda sobre cumplimiento de contrato, sin lugar la contrademanda y las costas al demandado. *Revocada en parte.*

*S. León Lugo,* abogado del apelante; *Tous Soto & Pérez Marchand,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante estableció demanda para que la corte obligara al demandado a recibir una escritura de compraventa y pagar a dicho demandante los daños y perjuicios por un alegado incumplimiento de contrato evidenciado en parte por un escrito que dice así:

"Por el presente hacemos constar que en esta fecha veinticinco de agosto del año 1921 he comprado a don Félix Miranda, una finca en la municipalidad de Villalba, compuesta de ciento tres cuerdas de terreno dedicadas a pasto, en la suma de cuatro mil dólares moneda corriente, incluso una casa y un ranchón. Condiciones de nuestro trato, el número de cuerdas es más o menos, quedando mi vendedor sin más responsabilidad, entregaré dicha suma al contado al recibir la escritura de dicha propiedad, quedando en la responsabilidad de indemnizar la suma de quinientos dollars el que faltare a este negocio, para seguridad firmamos en el presente en compañía de los testigos que adjunto firman.—(f) Félix Miranda.—Juan José Arroyo.—Apolinar Guzmán.—Francisco Guzmán."

La corte inferior dictó sentencia a favor del demandante y declaró sin lugar en todas sus partes la contrademanda en la cual el demandado pretendía ser indemnizado en daños y perjuicios que alegaba como consecuencia de un supuesto incumplimiento del mismo contrato por parte del demandante.

Existe poca o ninguna controversia sobre la proposición de que el objeto no era obtener la inmediata entrega de la posesión. El demandante alegó y la corte inferior llegó razonablemente a la conclusión de que debía de hacerse la entrega de la posesión al otorgarse la escritura y que ambas cosas dependían del registro de la escritura de partición como requisito previo indispensable al otorgamiento de una escritura de compraventa que puede inscribirse. El deman-

dado insistió en la existencia de otra condición, a saber: que debía cumplirse enteramente con todos estos requisitos dentro del término de un mes.

El escrito arriba referido fué firmado cuando la cosecha de café estaba para recogerse. La cantidad de café producido por la finca en cuestión no era un factor muy importante, pero el objeto del demandado era ocupar la casa que estaba en la propiedad, la que con varias cuerdas de terreno no aparecía incluída en un contrato de arrendamiento vigente, al cual se volverá a hacer luego referencia aquí, y dedicarse al negocio de compra de café. La posición del sitio así escogido llenaba admirablemente el fin propuesto. El comprador sin duda estaba seguro y esperaba que la entrega de la posesión se haría dentro de treinta días. Si hubo o nó un acuerdo definitivo sobre este punto, y un compromiso sin límite por parte del vendedor como condición precedente a la aceptación de una escritura al ofrecérsele, es una cuestión que no es muy clara. De todos modos no encontramos un error tan manifiesto en la apreciación de la prueba en este sentido que justifique la revocación de la sentencia en lo que respecta a la desestimación de la contrademanda.

En la fecha de la celebración del contrato en que descansa esta reclamación, la propiedad, con la excepción indicada, estaba arrendada y el canon mensual por este concepto, que por sí es un ingreso relativamente grande en la inversión durante la vigencia del contrato de arrendamiento, desempeñaba un papel muy importante como aliciente para la compra. También explica la tenacidad con que insistió el vendedor en lo que para los fines de esta opinión puede admitirse que es su derecho técnico para negarse a verificar la entrega de la posesión estando pendiente la inscripción de la escritura de partición.

Ese documento fué inscrito unos ocho meses después de la celebración del contrato de compraventa *supra*.

Si el vendedor entonces hubiera hecho su requerimiento

al comprador, sin más cambio en la situación, podríamos y probablemente vacilaríamos en revocar la sentencia de daños y cumplimiento específico, con excepción tal vez del pronunciamiento que ordena el pago de costas al demandante.

Pero antes de hacer ese requerimiento, el demandante, en consideración a una pequeña prima o bonificación ofrecida por el arrendatario, rescindió el contrato de arrendamiento. El canon de arrendamiento por el término no vencido comprendía un período de poco menos de dos años a partir de la fecha de la rescisión, estaba bien garantizado y por este acto deliberado del vendedor el comprador quedó privado del segundo de los dos alicientes principales que motivaron el contrato de compraventa. El primero, en lo que respecta a la cosecha de café pendiente ya se había perdido, debido al largo tiempo en registrar la escritura de partición.

Existen otras consideraciones, pero hacer un análisis acabado de toda la prueba contenida en las 250 páginas en maquinilla, no tendría fin práctico alguno.

Consideradas todas las circunstancias, estamos convencidos de que el demandado estuvo justificado al negarse a aceptar la escritura cuando se le hizo el ofrecimiento y que los intereses de la justicia sustancialmente se cumplen mejor dejando a las partes en la misma condición en que se encontraban antes del 25 de agosto de 1921.

*Debe confirmarse la sentencia apelada en cuanto a la desestimación de la contrademanda, y revocarse en sus demás particulares; y en vez del remedio concedido al demandante en la corte inferior, debe dictarse sentencia por esta corte desestimando la demanda,* sin especial condenación de costas.